**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

GERALD MCDOWELL                                                                             CIVIL ACTION NO.

VERSUS                                                                                            19-569-JWD-EWD

**OUR LADY OF THE LAKE, ET AL.**

**ORDER**

Before the Court is a document entitled "EMERGENCY URGENT MOTION REQUEST"[1] which, the Court construes as a Motion for Recusal filed by *pro se* Plaintiff Gerald Mcdowell ("Plaintiff"). Although the document requests a default judgment,[2] the Motion cites 28 U.S.C. § 455 and appears to also seek recusal of the undersigned. To the extent the Motion seeks recusal, it will be denied.

### I. Factual Background

On August 28, 2019, Plaintiff filed his Complaint against Our Lady of the Lake, Susan Dixon, Hanover Insurance Company, and Lane Regional Medical Center on August 28, 2019.[3] Per the Complaint, Plaintiff alleges that certain defendants "did perform retaliatory, negligent, and racketeering against" Plaintiff.[4] Plaintiff seeks "2,000,000 for medical racketeering," "500,000 for mental anguish due to him being bipolar and then getting reevaluated and then diagnosed with bipolar…," and requests "all the agencies listed come to court at the same time to prove the medical racketeering and the role they played in Geralds [sic] suffering."[5] An "Emergency Complaint" is

---

[1] R. Doc. 6.
[2] The request for a clerk's entry of default in the Motion was already denied because there is no service information in the record as to any defendant. *See* R. Doc. 7.
[3] R. Doc. 1.
[4] R. Doc. 1, p. 1.
[5] R. Doc. 1, p. 2.

attached to the Complaint in which Plaintiff seems to question "the negotiating process" relative to an insurance claim.[6]

The same day his Complaint was filed, Plaintiff also filed a motion to proceed *in forma pauperis*, which the Court granted.[7] A hearing was set pursuant to *Spears v. McCotter*[8] ("*Spears* hearing"), to determine if any or all of Plaintiff's claims were frivolous and subject to dismissal.[9] At the September 11, 2019 *Spears* hearing, Plaintiff presented information regarding the basis for his claim. Specifically, Plaintiff explained that he filed a claim against an urgent care clinic located at 1401 North Foster Drive (which appears to be affiliated with defendant, Our Lady of the Lake) because a stitch was left in his wrist. Plaintiff stated that he believes Defendants retaliated against him for making a claim related to his wrist by murdering his grandfather, Willie Tate. Plaintiff also complained that the insurance policy number included the "sign of the beast" (*i.e.*, the policy number included "666") but that Plaintiff only knew of the claim number.

At the end of the *Spears* hearing, Plaintiff was advised that a report would be issued with the undersigned's recommendation to the district judge that Plaintiff's claims should be dismissed,[10] but that Plaintiff would have fourteen days to submit objections to the report. Plaintiff was also advised that the district judge would make the final decision and issue a ruling as to whether Plaintiff's claims would be allowed to proceed.

---

[6] R. Doc. 1, pp. 6-8.
[7] R. Doc. 3.
[8] 766 F.2d 179 (5th Cir. 1985).
[9] R. Doc. 4.
[10] Notwithstanding Plaintiff's reference to 42 U.S.C. § 1985 in the title of his Complaint, Plaintiff does not appear to assert a federal claim, so the Court would not have subject matter jurisdiction under 28 U.S.C. § 1331. Instead, Plaintiff's Complaint raises possible claims of medical malpractice, retaliation and/or fraudulent inducement, however Plaintiff has not provided sufficient jurisdictional facts to establish subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff does not adequately allege his own citizenship or the citizenship of the Defendants. During the September 11, 2019 hearing, Plaintiff confirmed that he is a citizen of Louisiana. It appears that at least one of the Defendants is also a Louisiana citizen. Even if the Court had subject matter jurisdiction, the undersigned would recommend dismissal of the claims. Plaintiff's claim that his grandfather was murdered by Defendants in retaliation against Plaintiff, as well as Plaintiff's statements that the numbers in his insurance policy "666" are the "mark of the beast" seem to rise to the level of "wholly incredible," such that Plaintiff's allegations are "factually frivolous."

## II. Law and Analysis

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[11] § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff has not met the procedural requirements of § 144 as he has not submitted an affidavit stating the facts and reasons for the belief that bias or prejudice exists.[12] Thus, recusal under § 144 is not applicable.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455 is unwarranted.

---

[11] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, Civ. Action No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017).

[12] First, Plaintiff has not submitted any affidavit at all. "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003) *citing Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir.1990). Additionally, there is no counsel of record in this case to provide a certificate of counsel that the allegations are made in good faith, nor is there a certification by Plaintiff.

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. Plaintiff must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the undersigned's impartiality.[13] This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[14] Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[15]

Plaintiff has failed to provide any specific facts that would lead a reasonable and objective person to question the undersigned's impartiality or to demonstrate any personal bias by the undersigned. The basis for recusal is stated as follows: "The judge refused to see the evidence." "The judge never asked for the defendants and/or why they were not present despite the court summons." Plaintiff is incorrect that defendants have been served in this matter. Additionally, the undersigned did explain that evidence was not necessary at this point in the proceedings, because, upon questioning, it is apparent that the Court lacks jurisdiction over the claims and/or that the claims are frivolous. This determination was judicial in nature, not personal. The Court is permitted to undertake a screening of matters filed *in forma pauperis*, through the *Spears* hearing, to prevent a waste of judicial resources. While it is difficult for a plaintiff to hear a judge say his or her case lacks merit, the fact a judge does so is not evidence of bias or impartiality.

Accordingly,

After carefully reviewing the matter, the undersigned finds there is not sufficient factual support for defendant's allegation of any personal bias or prejudice on the part of the undersigned.

---

[13] *Patterson*, 335 F.3d at 484; *U.S. v. Spears*, No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).
[14] *Capizzo v. State*, No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).
[15] *Spears*, 2012 WL 112985 at * 2.

For the foregoing reasons, "EMERGENCY URGENT MOTION REQUEST"[16] which, the Court construes, in part, as a Motion for Recusal, filed by *pro se* Plaintiff Gerald Mcdowell, is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 18, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 6.