UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**GERALD MCDOWELL**                                    **CIVIL ACTION NO.**

**VERSUS**                                             **19-569-JWD-EWD**

**OUR LADY OF THE LAKE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 19, 2019.

                                                   _____
                                                   **ERIN WILDER-DOOMES**
                                                   **UNITED STATES MAGISTRATE JUDGE**

certified mail # 7018 0360 0001 1615 8937

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**GERALD MCDOWELL**                                   **CIVIL ACTION NO.**

**VERSUS**                                            **19-569-JWD-EWD**

**OUR LADY OF THE LAKE, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Gerald McDowell ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Complaint against Our Lady of the Lake, Susan Dixon, Hanover Insurance Company, and Lane Regional Medical Center ("Defendants").[1]  On September 11, 2019, a hearing was held in this matter pursuant to *Spears v. McCotter*,[2] at which Plaintiff personally appeared (the "*Spears* hearing").  For the reasons set forth herein, the undersigned recommends that Plaintiff's suit be dismissed.

### I.    Background

*Pro se* Plaintiff filed his Complaint against Our Lady of the Lake, Susan Dixon, Hanover Insurance Company, and Lane Regional Medical Center on August 28, 2019.[3]  Per the Complaint, Plaintiff alleges that certain defendants "did perform retaliatory, negligent, and racketeering against" Plaintiff.[4]  Plaintiff seeks "2,000,000 for medical racketeering," "500,000 for mental anguish due to him being bipolar and then getting reevaluated and then diagnosed with bipolar…," and requests "all the agencies listed come to court at the same time to prove the medical racketeering and the role they played in Geralds [sic] suffering."[5]  An "Emergency Complaint" is

---

[1] R. Doc. 1.

[2] 766 F.2d 179 (5th Cir. 1985), *abrogated on other grounds Neitzke v. Williams*, 109 S.Ct. 1827 (1989).

[3] R. Doc. 1.

[4] R. Doc. 1, p. 1.

[5] R. Doc. 1, p. 2.

attached to the Complaint in which Plaintiff seems to question "the negotiating process" relative to an insurance claim.[6]

During the *Spears* hearing, the Court asked Plaintiff to explain the basis for his Complaint. Plaintiff explained that he filed a claim against an urgent care clinic located at 1401 North Foster Drive (which appears to be affiliated with defendant, Our Lady of the Lake) because a stitch was left in his wrist. Plaintiff stated that he believes Defendants retaliated against him for making a claim (related to the stitch) by murdering his grandfather, Willie Tate. Plaintiff also complained that the insurance policy number included the "sign of the beast" (*i.e.*, the policy number included "666") but that Plaintiff did not realize that initially because he only knew the claim number. Following the *Spears* hearing, Plaintiff filed, *inter alia*, a "Motion for a Settlement Judgment Emergency Relief and Notification Required"[7] wherein Plaintiff referenced certain additional state and federal statutes.

## II.  Law and Analysis

### A.  Plaintiff has not Established that this Court has Subject Matter Jurisdiction

During the *Spears* hearing, the Court explained that, unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[8] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs

---

[6] R. Doc. 1, pp. 6-8.

[7] R. Doc. 14.

[8] 28 U.S.C. § 1331.

are citizens of a different state than all defendants).[9] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[10] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[11]

### 1. Alleged Federal Claims

Plaintiff references 42 U.S.C. § 1985 in the title of his Complaint, and other federal statutes in Plaintiff's later filing. "'Title 42 U.S.C. § 1985, part of the Civil Rights Act of 1871, creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section.' Subsection 3 prohibits a conspiracy to deprive any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the law. 'To state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States.' Additionally, the conspiracy must have a class or race-based animus."[12] Even to the extent Plaintiff has attempted to allege a conspiracy,[13] he has failed to state which of his constitutional rights were violated. Further, Plaintiff has failed to allege that the purpose of the conspiracy was to deprive him of equal protection of laws based on racial animus or some other protected characteristic. Indeed, Plaintiff has alleged that the conspiracy was in retaliation for what appears to have been his malpractice claim.[14]

---

[9] 28 U.S.C. § 1332.

[10] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

[11] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

[12] *Etemad v. Underwood Perkins Law Office*, 14-669, 2014 WL 1724745, at *1 (N.D. Tex. May 1, 2014) (citations omitted).

[13] R. Doc. 1, p. 2 ("The fact remains that Susan Dixon, Jennifer Tucker, and Lane Regional, and Kristin Hipp conspired together.").

[14] *See*, R. Doc. 1, p. 1 ("OLOL and Hanover and Lane Regional performed retaliatory action. Firstly Gerald McDowell signed medical release for Susan Dixon and Jennifer Tucker Premier Health. After signing a [sic] unethical release

Similarly, none of the federal statutes referenced in Plaintiff's later pleading[15] establish federal subject matter jurisdiction.  42 U.S.C. § 2000h-2, allowing intervention by the Attorney General in suits "seeking relief from the denial of equal protection of the laws under the fourteenth amendment to the Constitution" when the Attorney General "certifies that the case is of general public importance," and 42 U.S.C. § 2000b, relative to civil actions by the attorney general, do not establish private rights of action.[16]  Plaintiff also refers to 42 U.S.C. § 2000a-2, which prohibits any person from "withhold[ing], deny[ing], or attempt[ing] to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a or 2000a-1 of this title."  Section 2000a provides, in part, that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation."[17]  Section 2000a-1 provides, in part, that "[a]ll persons shall be entitled to be free, at any establishment or place, from discrimination."[18]  Plaintiff has not explained how these provisions apply to his claim, and in any event, while 42 U.S.C. § 2000a-3 provides a private right of action for an individual seeking prospective relief, Plaintiff has not

---

OLOL put a tube in Willie Tate [sic] stomach incorrectly which ultimately and in his death.  Then after Susan Dixon retaliated against Gerald McDowell by murdering (and/or aiding in) the demise of Willie Tate ….").

[15] R. Doc. 14.  The Court will treat R. Doc. 14 as an amendment to the Complaint.

[16] *See*, *Zentgraf v. Texas A&M University*, 509 F.Supp. 183, 187 (S.D. Tex. 1981) ("the Court is persuaded that 42 U.S.C. s 2000h-2 does not authorize Plaintiff-Intervenor to pursue a claim under Title IX."); 6 Fed. Proc. L. Ed. § 11:167 (42 U.S.C.A. § 2000h-2 does not create any rights in a private individual to intervene in a civil rights suit.").

[17] 42 U.S.C. § 2000a(a).

[18] 42 U.S.C. § 2000a-1

4

sought such relief here.[19]  Based on a review of the Complaint, as amended, Plaintiff has not established subject matter jurisdiction under 28 U.S.C. § 1331.[20]

### 2. *Other claims*

Plaintiff's Complaint raises possible state law claims of retaliation and fraudulent inducement.  As Plaintiff has not established subject matter jurisdiction under 28 U.S.C. § 1331, Plaintiff must establish that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.  Plaintiff's allegations may satisfy the amount in controversy requirement for jurisdiction under 28 U.S.C. § 1332.[21]  However, Plaintiff does not adequately allege his own citizenship or the citizenship of the Defendants.  During the *Spears* hearing, Plaintiff confirmed that he is a citizen of Louisiana.  It appears that at least one of the Defendants is also a Louisiana citizen.[22]  Since the parties would not be completely diverse, the Court also does not have subject matter jurisdiction under 28 U.S.C. § 1332.

"A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with

---

[19] 42 U.S.C. § 2000a-3 ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved…."); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 243-244 (5th Cir. 1999) (explaining that "[u]nlike many other civil rights statutes, however, 42 U.S.C. § 2000a allows only for prospective relief and does not authorize damage awards" and that plaintiff did not "have standing to assert a claim for injunctive relief against the hospital because there is no allegation suggesting that he is likely to again suffer from Parkwood's discriminatory actions.").

[20] R. Doc. 9, which is a letter from Thelma Jackson requesting criminal prosecution related to claims of "racketeering." While the Complaint references "racketeering," R. Doc. 9 appears to be asking for prosecution related to racketeering claims.  ("My family and I, Thelma Jackson, am demanding that the Attorney General charge and testify against every entity that have victimized by family and I, Thelma Jackson.").  Plaintiff does not have a private right of action in a civil matter for alleged criminal conduct.

[21] R. Doc. 1, p. 2. (demanding $2,500,000).

[22] Per the Louisiana Secretary of State's corporate database, Our Lady of the Lake Hospital, Inc. is a Louisiana corporation with a "domicile" address in Baton Rouge, Louisiana.  *See also*, *Joseph v. DePuy Orthpaedics, Inc.*, No. 11-659, 2011 WL 6940486, at * 1 (M.D. La. Nov. 9, 2011) (discussing Our Lady of the Lake as a corporation with its principle place of business in Louisiana).  Lane Regional Medical Center also may be a Louisiana citizen.

5

the party asserting jurisdiction."[23] "A district court can dismiss an action *sua sponte* for lack of federal subject matter jurisdiction…even where the defendant makes no responsive pleadings and does not move to dismiss for want of subject-matter jurisdiction."[24] Because Plaintiff has not met his burden of establishing that this Court has federal subject matter jurisdiction, this case must be dismissed without prejudice for lack of subject matter jurisdiction.

### B. Alternatively, Plaintiff's Case Should be Dismissed Pursuant to 28 U.S.C. § 1915

On August 29, 2019, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP").[25] Pursuant to the provisions of 28 U.S.C. § 1915(e), a court is authorized to dismiss an action brought IFP if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.[26] An IFP suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[27] A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."[28] A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."[29] Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are

---

[23] *Edwards v. Jackson Hinds Comprehensive Health Center*, 2018 WL 3653761, at * 1 (quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 3:16-CV-597-L, 2016 WL 3763425, at *2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). *See also*, *McKendall v. U.S. Army Corps of Engineers*, Civil Action No. 15-2631, 2016 WL 3218842, at * 1 (E.D. La. June 10, 2016) ("The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.") (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

[24] *Dickens v. TASB Risk Management*, MO:17-cv-00216, 2018 WL 6184804, at * 1 (W.D. Tex. Nov. 21, 2018). *See also*, *Craig v. Our Lady of the Lake Regional Medical Center*, Civil Action 15-814, 2017 WL 1113326, at * 2 (M.D. La. March 23, 2017) ("The Court may dismiss an action *sua sponte* if it 'determines at any time that it lacks subject-matter jurisdiction.'") (citing Fed. R. Civ. P. 12(h)(3)).

[25] R. Doc. 3.

[26] *Cf.*, *Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).

[27] *Denton v. Hernandez*, 504 U.S. 25, 31, (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).

[28] *Neitzke*, 490 U.S. at 327, 109.

[29] *Id.*, 490 U.S. at 327–28.

6

>fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.[30]

Here, Plaintiff's claim that his grandfather was murdered by Defendants in retaliation against Plaintiff, as well as Plaintiff's claim based on the numbers "666" within his insurance policy rise to the level of "wholly incredible." These claims have no realistic chance of ultimate success. Based on what Plaintiff alleged in his Complaint, as clarified in the *Spears* hearing, he can prove no set of facts in support of his claims which would entitle him to relief in this Court.[31] Because Plaintiffs' claims are frivolous, dismissal is appropriate even if Plaintiff were able to establish federal subject matter jurisdiction. Plaintiff should not be given further leave to amend.[32]

## III.   Conclusion

For the reasons set forth herein, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

---

[30] *Denton*, 504 U.S. at 32–33 (citations and internal quotation omitted).

[31] *Green*, 788 F.2d at 1120 (internal citations omitted).

[32] The allegations set forth in Plaintiff's original Complaint, Plaintiff's subsequent amendment, and Plaintiff's explanation of his claims during the *Spears* hearing have been considered in determining that his claims are frivolous. *See*, R. Docs. 1, 13, & 14. Considering Plaintiff's multiple opportunities to explain his claims to this Court, it is recommended that any further attempt by Plaintiff to amend his pleadings be denied. *See*, Civil Action No. H-13-3743, 2014 WL 1255879, at * 2 (S.D. Tex. March 26, 2014) ("The complaint allegations are so incomprehensible and bizarre as to be delusional. Dismissal is warranted on that basis as well. Delusional allegations in successive suits support the conclusion that amendments would be futile and that the dismissal should be without leave to amend.") (internal citations omitted); *Loper v. Other Personal Injury*, 1:19-cv-210, 2019 WL 3937679, at * (W.D. Pa. July 26, 2019) ("given the nature of these pleadings, the Court finds that they are incapable of being cured by amendment.") (citing *Johnson v. Trump*, 745 Fed. Appx. 445 (3d Cir. 2018) (affirming the district court's determination that leave to amend would be futile, despite the general rule in favor of curative amendments, where the allegations at issue were fanciful, fantastic, or delusional)).

7

**IT IS ORDERED** that the Clerk of Court is directed to send a copy of this Magistrate Judge's Report and Recommendation to Plaintiff at the address listed on PACER, via certified mail return receipt requested, and via regular mail.

Signed in Baton Rouge, Louisiana, on September 19, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**